UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Plaintiff, <br><br> v. <br><br> SNAP INC., <br><br> Defendant. | C.A. No. _____ <br><br> JURY TRIAL DEMANDED |

### RAMOT'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ramot at Tel Aviv University Ltd. ("Ramot") alleges as follows:

### NATURE OF THE ACTION

1. This is an action for infringement of U.S. Patent No. 8,718,333 ("the '333 patent").

### THE PARTIES

2. Ramot is a limited liability company organized and existing under the laws of Israel with its principal place of business at Tel Aviv University, Senate Building, George Wise Street, Tel Aviv, Israel.

3. Ramot, an indirect, wholly owned subsidiary of Tel Aviv University ("TAU"), is TAU's business engagement center and its technology transfer company, bringing promising scientific discoveries, developed by TAU's scientists, to markets, either to multi-national corporations or newly founded companies.  TAU was founded in 1956 and is one of Israel's foremost research and teaching universities, at the forefront of basic and applied research in many scientific disciplines.  Ramot is the owner of, and provides the legal and commercial frameworks, for inventions made by TAU faculty, students, and researchers.

4. On information and belief, defendant Snap Inc. ("Snap") is a corporation organized and existing under the laws of Delaware with its principal place of business at 63 Market Street, Venice, California 90291. On information and belief, Snap may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of a U.S. patent.

7. On information and belief, Snap is subject to this Court's specific and general personal jurisdiction because it conducts substantial business in Delaware and in this District, directly and/or through intermediaries, including: (i) committing at least a portion of the acts of infringement alleged herein in Delaware and in this District, and (ii) regularly conducting or soliciting business in Delaware and in this District, engaging in other persistent courses of conduct in this District including maintaining continuous and systematic contacts in Delaware and in this District, availing itself of the privileges of doing business in Delaware and in this District. On information and belief, Snap is subject to this Court's personal jurisdiction because it is organized and existing under the laws of Delaware, and thus it has purposely availed itself of the privileges and benefits of the laws of Delaware.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Snap is subject to personal jurisdiction in this District, and Snap has committed and continues to commit acts of patent infringement in this District. For example, on information and belief, Snap has made, used, offered to sell, and/or sold infringing products

and/or services in this District, and/or imported infringing products and/or services into this District.

**PATENT-IN-SUIT**

9. Ramot is the owner by assignment of the '333 patent, entitled "System, Method and a Computer Readable Medium for Providing an Output Image," which the U.S. Patent & Trademark Office duly issued on May 6, 2014. The '333 patent is valid and enforceable, and was duly issued in full compliance with Patent Laws of the United States, Title 35 of the United States Code. A true and correct copy of the '333 patent is attached hereto as Exhibit 1.

10. Professors Lior Wolf and Daniel Cohen-Or, faculty members at the School of Computer Science at Tel Aviv University, and Moshe Guttman, an MSc student at TAU at the time of inventing the inventions underlining the '333 patent, are named inventors on the '333 patent.

11. Generally, the '333 patent is directed to methods and systems for improving and retargeting a digital image. Images often have to be re-sized and/or down-sampled for display on certain screens, effectively reducing the resolution of particular objects of interest in the image. For example, technical problems are encountered when trying to display images on small screens, such as cellular phones, while attempting to maintain sufficient resolution of objects that are of particular interest in the image.

12. The inventions of the '333 patent solved these technical problems by analyzing the saliency of regions/pixels within an image. An image is then converted, for example, via rescaling based on the saliency. As one example, a moving object may be relatively salient with respect to a video but relatively non-salient with respect to a still image. In a still image, for example, a moving object can cause a blur or represent an unintended object within the image.

The inventions of the '333 patent allow this moving object to be deemphasized in a still image, including erasing it from the image.

**SNAP'S INFRINGING PRODUCTS AND/OR SERVICES**

13. On information and belief, Snap makes, uses, offers to sell, and/or sells within the United States and/or imports into the United States products and/or services that use the teachings, the inventions and the technology of the '333 patent (collectively, "Snap's Infringing Products and/or Services").

14. On information and belief, Snap's Infringing Products and/or Services include at least Snap's Snapchat app for iOS and Android devices.

15. On information and belief, Snap's Infringing Products and/or Services include a "Lenses" feature that uses the teachings, the inventions and the technology of the '333 patent.

16. On information and belief, Snap makes, uses, offers to sell, and/or sells Snap's Infringing Products and/or Services in Delaware and in this District and/or import Snap's Infringing Products and/or Services into Delaware and into this District.

**COUNT I**
**INFRINGEMENT OF THE '333 PATENT**

17. Ramot repeats and re-alleges the allegations above as if fully set forth herein.

18. On information and belief, Snap has been and is currently directly infringing one or more claims of the '333 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States, without authority, Snap's Infringing Products and/or Services.

19. On information and belief, Snap's direct infringement includes, without limitation, practicing the method of at least claim 5, including by Snap's making, using, offering

4

to sell, selling, and/or importing Snap's Infringing Products and/or Services. Claim 5 is discussed herein only as a representative example of the infringed claims.

20. Snap's Infringing Products and/or Services are apps that are installed and used on devices that include a camera and provide an output image. The devices on which Snap's Infringing Products and/or Services are installed and used have memory that stores inputted images. The devices on which Snap's Infringing Products and/or Services are installed and used on have one or more processors that analyze and process inputted images. The processor(s) determine importance values of pixels in an inputted image. The processor(s) then create an output image that differs from the inputted image by converting the inputted image based upon the importance values of the pixels.

21. On information and belief, Snap contributes to and/or induce infringement of one or more claims of the '333 patent. The direct infringement contributed to and/or induced by Snap includes at least the operation of Snap's Infringing Products and/or Services by end users. Snap knows that these end users are directly infringing the '333 patent at least by virtue of the filing of this Complaint. Snap has the specific intent to encourage these end users to directly infringe the '333 patent by practicing all of the claim limitations of one or more claims of the '333 patent. Snap induces these end users to operate Snap's Infringing Products and/or Services knowing that these acts constitute direct infringement of the '333 patent and with the specific intent to encourage those acts and encourage infringement.

22. On information and belief, upon gaining knowledge of the '333 patent, it was or became apparent to Snap that the making, using, offering to sell, selling and/or importing of Snap's Infringing Products and/or Services resulted in infringement of the '333 patent. On information and belief, Snap has continued and/or will continue to engage in activities

constituting inducement of infringement, notwithstanding its knowledge (or willful blindness thereto) that the activities it is inducing and will induce result in infringement of the '333 patent. For example, Snap is inducing infringement of the '333 patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, users, agents, and/or affiliates to make, use, offer to sell, sell, and/or import Snap's Infringing Products and/or Services in a manner that constitutes infringement of one or more claims of the '333 patent, knowing that such activities infringe the '333 patent, and providing them with instructions to do so.

23. On information and belief, Snap encourages direct infringement of the '333 patent at least by widely publicizing Snap's Infringing Products and/or Services.

24. On information and belief, by inducing Snap's customers', suppliers', users', agents', and/or affiliates' use of the apparatuses and methods claimed in the '333 patent, including through their use of Snap's Infringing Products and/or Services, Snap has been and is now indirectly infringing under 35 U.S.C. § 271(b) one or more claims of the '333 patent, either literally or under the doctrine of equivalents.

25. On information and belief, upon receiving knowledge of the '333 patent (at least since the filing date of this Complaint) Snap is contributing to the infringement of the '333 patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, agents, users, and/or affiliates to make, use, offer to sell, and/or import Snap's Infringing Products and/or Services in a manner that constitutes infringement of one or more claims of the '333 patent. There are no substantial uses of Snap's Infringing Products and/or Services that do not infringe one or more claims of the '333 patent.

26. On information and belief, by contributing to Snap's customers', suppliers', agents', users', and/or affiliates' use of the apparatuses and methods claimed in the '333 patent, including through their use of Snap's Infringing Products and/or Services, Snap has been and is now indirectly infringing under 35 U.S.C. § 271(c) one or more claims of the '333 patent, either literally or under the doctrine of equivalents.

27. As a result of Snap's unlawful infringement of the '333 patent, Ramot has suffered and will continue to suffer damage. Ramot is entitled to recover from Snap the damages adequate to compensate for such infringement, which have yet to be determined

**PRAYER FOR RELIEF**

WHEREFORE, Ramot respectfully requests that this Court enter judgment in its favor as follows:

a. holding that Snap has directly infringed literally and/or under the doctrine of equivalents, one or more claims of the '333 patent;

b. holding that Snap has indirectly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '333 patent;

c. awarding Ramot the compensatory damages to which it is entitled under 35 U.S.C. § 284 for Snap's past infringement and any continuing or future infringement, including a reasonable royalty;

d. declaring this to be an exceptional case and awarding Ramot attorneys' fees under 35 U.S.C. § 285;

e. awarding Ramot costs and expenses in this action;

f. awarding Ramot pre- and post-judgment interest on its damages; and

g. awarding Ramot such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Ramot, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.

| | |
|---|---|
| Dated: November 2, 2016 | Respectfully submitted, |
| | Farnan LLP |
| Mark Raskin | |
| Timothy J. Rousseau | /s/ Brian E. Farnan |
| Robert Whitman | Brian E. Farnan (Bar No. 4089) |
| MISHCON DE REYA NEW YORK LLP | Michael J. Farnan (Bar No. 5165) |
| 2 Park Avenue, 20th Floor | 919 North Market Street, 12th Floor |
| New York, New York 10016 | Wilmington, Delaware 19801 |
| T: 212-612-3270 | T: 302-777-0300 |
| F: 212-612-3297 | F: 302-777-0301 |
| mark.raskin@mishcon.com | bfarnan@farnanlaw.com |
| tim.rousseau@mishcon.com | mfarnan@farnanlaw.com |
| robert.whitman@mishcon.com | |
| | *Counsel for Plaintiff* |
| Leonard C. Suchyta | *Ramot at Tel Aviv University Ltd.* |
| THE SUCHYTA FIRM LLC | |
| 6 Shadowbrook Way | |
| Mendham, New Jersey 07945 | |
| t: 973-543-6006 | |
| f: 973-543-3876 | |
| lsuchyta@thesuchytafirm.com | |